UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TYLER MUDRICH and MICHAEL MORROW,** on behalf of themselves and others similarly situated,

                Case No. 2:21-CV-4932

     Plaintiffs,        JUDGE EDMUND A. SARGUS, JR.

                MAGISTRATE JUDGE
                CHELSEY M. VASCURA

**THE SYGMA NETWORK, INC.,**

     Defendant.

## ORDER

This matter is before the Court on Plaintiff's Unopposed Motion for Substitution of Party and Request for Extension of Time to Produce a Letter of Administration.  (ECF No. 45).  Rule 25 provides that, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  Fed. R. Civ. P. 25(a)(1).  "A motion for substitution may be made by any party or by the decedent's successor or representative."  *Id*.

Plaintiff Tyler Mudrich passed away on June 30, 2022.  (ECF No. 26).  Mr. Mudrich's mother and brother, Linda Mudrich-Haynie and Coty Mudrich, are the surviving next of kin. (ECF No. 45).  Plaintiff now moves for the substitution of Coty Mudrich as the proper Plaintiff. (*Id*.).  Ohio law outlines the procedure for substitution of a party in the case of a plaintiff's death. This law is summarized in *Watts v. Novartis Pharmaceuticals Corp*, 2015 WL 1456647, *5 (N.D. Ohio 2015):

After *Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1969), a number of courts adopted and expanded the principles of *Rende* establishing the circumstances under which a person may be a "successor"—and a proper party—under Rule 25(a)(1) *Id*. at 784–85 (collecting cases). These circumstances include a person who is: "(1) the primary beneficiary of an already distributed estate, see *Rende*, 415 F.2d at 985; (2) named in a will as the executor of decedent's estate, even if the will is not probated, see *[McSurely v. McClellan*, 753 F.2d 88, 98 (C.A.D.C.1985) ]; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated. cf. [*Hardy v. Kaszycki & Sons Contractors, Inc.,* 842 F.Supp. 713, 716 (S.D.N.Y.1993]." Id

A recent case in the Southern District of Ohio also interpreted Rule 25 in a similar, flexible manner. In *Mason v. Asset Acceptance, LLC*, No. 1:06–CV–735, 2007 WL 2112347 (S.D.Ohio July 9, 2007), the court granted a motion to substitute the sister of a deceased party plaintiff, who provided an affidavit that the decedent died intestate without spouse or children, left no assets, and that the movant was the closest living heir. *Mason*, 2007 WL 2112347, at *1.

Plaintiff's attorney has indicated that Tyler Mudrich died "without a Will, and his estate is being opened by Proposed Named Plaintiff Coty Mudrich." (ECF No. 45).  This is analogous to the situation in *Mason*.  Furthermore Plaintiff makes clear Coty Mudrich is a more appropriate Plaintiff in this case than Linda Mudrich-Haynie, as Coty lives in the state of Ohio, while Linda lives in the state of Florida.  The Court **GRANTS** Plaintiff's motion.  The Court **ORDERS** that Plaintiff shall have 60 days from the date of filing the instant motion to produce a Letter of Administration or Letter of Authority, identifying him as the Administrator of his brother's estate.  Plaintiff shall have until **January 16, 2023** to submit such a letter.  The Clerk is **DIRECTED** to substitute Coty Mudrich, on behalf of the estate of Tyler Mudrich, as a Named Plaintiff in this action.  This case is to remain open.

**IT IS SO ORDERED.**

**11/21/2022**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**