IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TYLER MUDRICH and MICHAEL MORROW, on behalf of themselves and others similarly situated, | ) ) ) ) CASE NO. 2:21-cv-4932 |
| Plaintiffs, | ) ) JUDGE EDMUND A. SARGUS |
| v. | ) ) MAGISTRATE JUDGE CHELSEY M. VASCURA |
| THE SYGMA NETWORK, INC., | ) ) |
| Defendant. | ) |

**DEFENDANT THE SYGMA NETWORK, INC.'S UNOPPOSED MOTION
FOR LEAVE TO FILE SETTLEMENT AGREEMENT UNDER SEAL**

Pursuant to S.D. Ohio Civ. R. 5.2.1(a), Defendant The SYGMA Network, Inc. ("Defendant" or "SYGMA") files this Unopposed Motion for Leave to File Settlement Agreement under Seal and requests that the Court order that the Settlement Agreement (the "Settlement Agreement") between SYGMA and Tyler Mudrich and Michael Morrow, on behalf on themselves and others similarly situated, (collectively, "Plaintiffs" and, collectively with SYGMA, the "Parties") that will be filed as an exhibit to the Parties' anticipated Joint Motion for Approval of Settlement, remain permanently under seal to protect the confidentiality of the parties' Settlement Agreement. Confidentiality is a material term of the Settlement Agreement—which resolves numerous *bona fide* disputes among the Parties—and a material inducement to SYGMA to agree to the Parties' negotiated settlement of the claims in this lawsuit. This Motion is intended to effectuate the agreement between the Parties and allow for an amicable resolution to the Parties' *bona fide* disputes in this lawsuit.

I.  PROCEDURAL BACKGROUND

In this lawsuit, Plaintiffs allege that Defendant failed to pay hourly warehouse workers and hourly sanitation workers overtime for all hours worked in excess of forty in each workweek in violation of the Fair Labor Standards Act ("FLSA") and Ohio state law. Specifically, Plaintiffs asserted several claims, alleging that Defendant required hourly warehouse employees to (1) perform work off-the-clock while donning and doffing certain equipment before and after their shifts; and (2) perform work while clocked out during their meal breaks. Defendant denies that it violated the FLSA, Ohio state law, and any other applicable state law.

The Parties resolved this matter during a successful mediation on October 25, 2023. That resolution resolved numerous *bona fide* disputes between the parties, including (1) whether Plaintiffs performed work off-the-clock while donning and doffing certain equipment before and after their shifts; (2) whether Plaintiffs performed work off-the-clock during their meal breaks; (3) whether Plaintiffs failed to follow Defendant's reasonable, established policies and processes to report any alleged off-the-clock work; (4) whether Defendant had actual or constructive knowledge of any alleged off-the-clock work; (5) whether any alleged pre-shift off-the-clock work was integral and indispensable to Plaintiffs' job duties such that it could be compensable; (6) whether any alleged off-the-clock work was *de minimis*; and (7) whether any alleged FLSA violation was "willful" under the FLSA.

A material term that was discussed and negotiated as part of the mediated resolution, and which was a material inducement to SYGMA agreeing to the monetary and other terms of the mediated settlement, was the confidentiality of the parties' settlement agreement. Thus, the Settlement Agreement contains a confidentiality provision which states expressly states that "[t]his

confidentiality provision is a material term of this Agreement and a material inducement for SYGMA to agree to settle on the terms described herein."

The Parties now intend to submit the Settlement Agreement to the Court for approval, since it involves the compromise of FLSA claims. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982). However, in order to comply with the confidentiality provision of the Settlement Agreement, which is a material term of the Parties' settlement, SYGMA is first seeking leave to file under seal the Settlement Agreement that will be attached as an exhibit to the Parties' anticipated Joint Motion for Approval of Settlement. Additionally, there is little to no interest to the public of knowing the terms of the Settlement Agreement, since this case was conditionally certified as a collective action, notice was provided to the putative collective members, and there have been 653 opt-ins who have all been represented by Plaintiffs' counsel in connection with the negotiation of the settlement. Therefore, all individuals affected are readily identifiable and will receive notice.

## II.   ANALYSIS

### A.   The Court Has Discretion To Grant Leave to File Settlement Documents Under Seal.

The Sixth Circuit does have a "strong presumption in favor of openness" as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). However, the Court has discretion to allow the Parties to file their Settlement Agreement under seal. *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980) ("It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession.") "[T]he decision as to access is one best left to the sound discretion of the trial court." *Krause v. Rhodes*, 671 F.2d 212, 219 (6th Cir. 1982).

This Court has previously sealed settlement documents in FLSA and wage related actions. *See generally*, *Wade v. Werner Trucking Co.*, No. 2:10-CV-270, May 13, 2014 Order granting Joint Motion for Leave to File FLSA Settlement Agreement under seal (Abel, M.). Other Courts have also allowed settlement documents to be sealed. *See generally, Hammond v. Lowe's Home Centers, Inc.*, 02:CV-2509, September 22, 2006 Order granting Joint Motion to File Confidential Stipulation of FLSA Settlement (Carlos Murguia, J.); *Smith, et al. v. Mill-Tel, Inc.*, 08:CV-2016, August 27, 2008 Order granting Joint Motion to File Stipulation of Confidential FLSA Settlement and Release Under Seal (Julie Robinson, J.); *Campbell*, 464 F. Supp. 2d at 561 (granting leave to file settlement documents under seal where the settlement documents "contain[ed] little information that would be of benefit to the public generally."); *In re Franklin Nat'l Bank Securities Ltd..*, 92 F.R.D. 468 (E.D.N.Y. 1981).

**B.     Filing The Settlement Agreement Under Seal Is A Material Term.**

This Court should utilize its discretionary power and grant leave to file the Settlement Agreement under seal because the Parties' confidentiality provision in the agreement is a material term that was specifically negotiated as part of Defendant's agreement to the monetary and other terms included in the Settlement Agreement. Moreover, the Settlement Agreement provides notice to all current class members or their right to opt in or refrain from participating in the settlement. And, the filing of the Settlement Agreement under seal will not impair the Court's administration of the settlement as the Parties have agreed that the Court will retain jurisdiction over this matter in efforts to enforce the terms of the Settlement Agreement.

While this Court has previously denied a motion to seal a settlement agreement in an FLSA matter, this Court did not state that FLSA settlement agreements could never be sealed. *Deloney v. SK Food Group, Inc.*, No. 2:21-cv-0892, 2023 WL 7723224, *1-2 (S.D. Ohio Oct. 18, 2023)

(Sargus, J.) (denying a motion for leave to file an FLSA settlement agreement under seal because defendant did not meet its burden to show a compelling reason to overcome the presumption in favor of public access to FLSA settlement). To the contrary, and consistent with other district courts in the Sixth Circuit, this Court noted that, to support a request for sealing, the party seeking the sealing must present a compelling reason.  *Id*.

Where, as here, (1) detailed notice of the collective action was provided to all putative collective members; (2) the parties' pleadings are publicly accessible, as is the fact of the settlement itself; and (3) the parties intend to settle more than one *bona fide* dispute, district courts in the Sixth Circuit have allowed FLSA settlement agreements to be sealed.  *See Pitman v. Matalco (U.S.), Inc.*, No. 4:18CV203, 2018 WL 6567801, *2 (N.D. Ohio December 13, 2018).  Under such circumstances, "given that the parties intend to settle more than one *bona fide* dispute …, members of the public stand to learn little about the value of any given FLSA dispute by viewing the terms of the settlement agreement." *Id*. (sealing settlement agreement). Particularly given the materiality of confidentiality to Defendants' agreement to resolve the numerous *bona fide* disputes involved in this lawsuit, there is a compelling reason to overcome the presumption for public access here. Accordingly, Defendant respectfully requests that the Court allow the Parties' Settlement Agreement to be filed under seal.

### III.   CONCLUSION

For the reasons detailed above, Defendant respectfully requests that the Court grant permission for the Parties' Settlement Agreement to be filed, and remain, under seal. A proposed Order is submitted with this Motion for the Court's convenience.

Respectfully submitted,

/s/ Samuel E. Endicott

5

Samuel E. Endicott (0094026)
Michael Parente (0086986)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Telephone: (614) 462-2614
Facsimile: (614) 462-2616
sendicott@bakerlaw.com
mparente@bakerlaw.com

Peter Stuhldreher (*Admitted Pro Hac Vice*)
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
Telephone: (713) 751-1699
Facsimile: (713) 751-1717
pstuhldreher@bakerlaw.com
*Attorneys for Defendant*
*The SYGMA Network, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2024, a copy of the foregoing was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Samuel E. Endicott

*Attorney for Defendant The SYGMA Network, Inc.*