## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**TYLER MUDRICH and MICHAEL
MORROW, on behalf of themselves and
all others similarly situated,**

                      **Plaintiffs,**                **Case No. 2:21-cv-4932**
                                             **JUDGE EDMUND A. SARGUS, JR.**
        **v.**                               **Magistrate Judge Chelsey M. Vascura**

**THE SYGMA NETWORK, INC.,**

                      **Defendant.**

### <u>OPINION AND ORDER</u>

This matter is before the Court on Defendant The Sygma Network, Inc.'s Unopposed Motion for Leave to File Settlement Agreement Under Seal. (Mot., ECF No. 94.) For the reasons below, the Motion is **DENIED**.

### I.      BACKGROUND

In October 2021, Plaintiff Tyler Mudrich filed this lawsuit on behalf of himself and others similarly situated alleging that he and other warehouse employees and sanitation workers were not paid overtime for all hours worked over forty hours per workweek. (Compl., ECF No. 1.) Two years later in October 2023, the parties purportedly reached a settlement after a successful mediation. (Mot., PageID 1285.) About six months later, Sygma filed this Motion requesting that the Court allow the parties to file their Settlement Agreement under seal "to protect the confidentiality of the parties' Settlement Agreement." (*Id.* PageID 1284.)

### II.     ANALYSIS

The Sixth Circuit recognizes a "strong presumption in favor of openness" as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). The burden of overcoming that presumption is borne by the party that seeks the sealing, and it is

a heavy one—"[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citing *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.*

While "settlement agreements are not judicial documents that require preservation of public access[,] . . . FLSA cases are different." *Altier v. A Silver Lining LLC*, No. 2:17-CV-599, 2017 WL 10402564, at *1 (S.D. Ohio Nov. 15, 2017) (Smith, J.) (citations omitted). In FLSA cases, the public has an "interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement." *Id.* Further, "the public has an independent interest in assuring that employees' wages are fair and thus do not endanger the national health and well-being." *Id.*

Given these rationales, this Court has routinely held that FLSA settlement agreements should not be filed under seal. *See, e.g., Staggs v. Fuyao Glass Am., Inc.*, No. 3:17-CV-191, 2019 WL 11497242, at *1 (S.D. Ohio Nov. 25, 2019) (Newman, M.J.) (collecting cases); *Zego v. Meridian-Henderson*, No. 2:15-CV-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016) (Marbley, J.) (explaining that "the overwhelming majority of trial courts to consider whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements in these cases").

Sygma argues that the confidentiality provision is a material term of the Settlement Agreement and induced Sygma to agree to settle. (Mot., PageID 1286–87.) The parties' agreement—no matter how material—is not enough, though. "Generally, courts have roundly rejected the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access." *Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-CV-12302, 2014 WL 7369904, at *3 (E.D. Mich. Dec. 29, 2014) (citations omitted)

2

(declining the parties' request to allow their FLSA settlement agreement to remain confidential).

Sygma also contends that notice of the collective action was provided to all putative members, the pleadings and the fact of the settlement itself are publicly available, and the parties intend to settle more than one *bona fide* legal dispute. (Mot., PageID 1288.) Thus, according to Sygma, the public has little to gain from viewing the terms of the parties' Settlement Agreement. (*Id.*) Despite acknowledging that this Court in recent opinion required a compelling reason to overcome the presumption in favor of public access, Sygma offers no such compelling reason for the disfavored relief it requests. (*Id.* PageID 1287; citing *Deloney v. SK Food Grp., Inc.*, No. 2:21-cv-0892, 2023 U.S. Dist. LEXIS 187094, at \*4 (S.D. Ohio Oct. 18, 2023).) As explained above, the public has a unique interest in FLSA settlements and examining the fairness of employees' wages. *See Altier*, 2017 WL 10402564, at \*1. Sygma fails to explain how the fact that the Settlement Agreement resolves multiple *bona fide* disputes overcomes the judicial preference of open court records. To the contrary, FLSA Settlement Agreements routinely resolve more than one *bona fide* legal dispute and such information is regularly made public in court-approved FLSA settlements.

## III.    CONCLUSION

The Sygma Network has not shown a compelling reason sufficient to overcome the strong presumption in favor of public access to FLSA settlements. The Motion is **DENIED.** (ECF No. 94.)


**IT IS SO ORDERED.**

<u>6/24/2024</u>                                   <u>s/Edmund A. Sargus, Jr.</u>
DATE                                               EDMUND A. SARGUS, JR.
                                                   UNITED STATES DISTRICT JUDGE